

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

WACO DIVISION

| | |
|---|---|
| JOELLE OGLETREE,<br>    Plaintiff,<br><br>v.<br><br>GLEN ROSE INDEPENDENT<br>SCHOOL DISTRICT,<br>    Defendant. | §<br>§<br>§<br>§ CIVIL ACTION NO. W-09-CA-239<br>§<br>§<br>§<br>§<br>§ |

## O R D E R

Plaintiff brings this action under the provisions of Title VII, 42 U.S.C. § 2000e, *et seq.* She asserts that she was not hired for either of two teaching positions because of her gender and in retaliation for a prior claim of gender bias in an earlier lawsuit against the District. Defendant has moved for summary judgment as to all of Plaintiff's claims. Having reviewed the parties' briefs and admissible summary judgment proof, as well as the applicable legal authority, the Court is persuaded Defendant's motion should be granted.

## I. BACKGROUND

Many of the underlying facts are not disputed. Plaintiff Joelle Ogletree ("Plaintiff") was employed by Defendant Glen Rose Independent School District ("Defendant" or the "School District") as a part-time French teacher for the 2002-2003 school year. She was terminated after allegations surfaced that she had sexual contact with possibly four male students. A subsequent criminal prosecution

ended in a mistrial, with the district attorney electing not to pursue the matter further. A hearing by the State Board of Education was resolved in Plaintiff's favor, and she was able to retain her teaching certificate. A lawsuit Plaintiff filed against the School District was eventually decided in the School District's favor. *See Ogletree v. Glen Rose Independent School District*, 314 S.W.3d 450 (Tex.Civ.App.–Waco, pet. denied, 2010). As a result, the propriety of the District's termination of Plaintiff is not at issue.

In April and May of 2008, Plaintiff applied for two positions with the School District – a position for a French teacher and a position for an English teacher. As to the French position, the School District elected to withdraw the position and offer French through online courses offered by the Texas Virtual Schools Network ("TxVSN"). As to the English position, another female applicant was hired. Plaintiff asserts that the School District's decision not to hire her for either position was the result of improper gender discrimination and/or retaliation for her earlier suit against the District.

## II. SUMMARY JUDGMENT

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A disputed material fact is genuine if the evidence is such that a jury could return a verdict for the non-

moving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). The initial burden to demonstrate the absence of a genuine issue concerning any material fact is on the moving party. *Celotex v. Catrett*, 477 U.S. 317, 325 (1986). This burden can be satisfied by pointing out to the district court that there is an absence of evidence to support an essential element of the non-moving party's case. *Id*. Upon such a showing, the burden shifts to the non-moving party to establish that there is a genuine issue. *Id*. at 324. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. at 322.

### III. DISCUSSION

In order to prevail on a claim of illegal discrimination or retaliation, the plaintiff bears the burden of proving that the defendant intentionally discriminated or retaliated against her. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 113 S.Ct. 2742 (1993). The plaintiff may prove her case by offering direct evidence of intentional discrimination or retaliation. *See Portis v. First Nat'l. Bank of New Albany*, 34 F.3d 325, 328 n.6 (5th Cir. 1994). "Direct evidence of discrimination is evidence which, if believed, would prove the existence of a fact (i.e., unlawful discrimination) without any inferences or presumptions." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d

955, 958 (5th Cir. 1993). There is no direct evidence of discrimination or retaliation presented by Plaintiff in the present case.

Because direct evidence of discrimination or retaliation is so rare, a plaintiff may present circumstantial proof of discrimination or retaliation through the burden-shifting analysis first outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 219 (5th Cir. 2001); *Nichols v. Loral Vought Systems Corp.*, 81 F.3d 38, 40 (5th Cir. 1996).[1] First, the plaintiff must establish a *prima facie* case of discrimination. The elements required to establish a *prima facie* case must, of necessity, vary with the specific facts of a particular case. *McDonnell Douglas*, 411 U.S. at 802, n. 13. In a typical failure to hire suit, the plaintiff establishes a *prima facie* case by showing: (1) she belongs to a protected class; (2) she applied and was qualified for the position; (3) she was rejected despite her qualification; and (4) the position was filled by someone outside of the protected class, or "the position remained open and the employer continued to seek applicants from persons of complainant's qualifications." *Id.* at 802. *See also Johnson v. Louisiana*, 351 F.3d 616, 622 (5th Cir. 2003). In a retaliation case, the Title VII plaintiff establishes a *prima facie* case by showing: (1) that she was engaged in an activity protected by Title VII; (2) that she was subjected to an

---

[1] The *McDonnell Douglas* analysis applies not only to Title VII cases, but also to cases for racial discrimination under 42 U.S.C. § 1981, for age discrimination under the ADEA, and for retaliation. *Anderson v. Douglas & Lomason Co., Inc.*, 26 F.3d 1277, 184 n.7 (5th Cir. 1994), *cert. denied*, 413 U.S. 1149 (1995) (§ 1981); *Evans v. City of Houston*, 246 F.3d 344, 349 (5th Cir. 2001) (ADEA); *Rios v. Rossotti*, 252 F.3d 375, 380 (5th Cir. 2001) (retaliation).

adverse employment action; and (3) that there was a causal connection between her participation in the protected activity and the adverse employment action. *Dollis v. Rubin*, 77 F.3d at 781; *Shirley v. Chrysler First, Inc.*, 970 F.2d 39, 42 (5th Cir. 1992).

Once the plaintiff establishes a *prima facie* case, she creates a rebuttable presumption, or inference, of discrimination, and the burden of production shifts to the defendant to articulate a legitimate, non-discriminatory reason for the adverse action taken against the plaintiff. *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1089 (5th Cir. 1995). See also *U.S. Postal Service Bd. of Governors v. Aikens*, 460 U.S. 711 (1983). The burden is "one of production, not persuasion; it 'can involve no credibility assessment.'" *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 142 (2000), quoting *St. Mary's Honor Center v. Hicks*, 509 U.S. at 509. Once a nondiscriminatory reason is given, "the presumption of discrimination derived from the plaintiff's prima facie case 'simply drops out of the picture,' and 'the ultimate question [is] discrimination *vel non*.'" *Mayberry*, 55 F.3d at 1090, citing *St. Mary's Honor Center v. Hicks*, 509 U.S. at 511 and 518. However, the "*prima facie* case, combined with sufficient evidence to find that the employer's asserted justification is false, *may* permit the trier of fact to conclude that the employer unlawfully discriminated." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. at 148 (emphasis added). Such a scenario does not necessarily *compel* a finding of discrimination when "no rational factfinder could conclude that the action was discriminatory." *Id*.

In challenging the defendant's non-discriminatory reasons for its decision, the plaintiff must offer sufficient evidence to create a material fact issue that either (1) the employer's reason is not true, but is merely a pretext for discrimination; "or (2) that the employer's reason, while true, is only one of the reasons for its conduct, and another 'motivating factor' is the plaintiff's protected characteristic." *Burrell v. Dr. Pepper/SevenUp Bottling Group, Inc.*, 482 F.3d 408, 412 (5th Cir. 2007). *See also Rachid v. Jack In the Box*, 376 F.3d 305, 312 (5th Cir. 2004). In a so-called "pretext" case, the proper standard of proof on the causation element is that the adverse employment action taken against the plaintiff would not have occurred "but for" her protected status or protected conduct. *Septimus v. University of Houston*, 399 F.3d 601, 608 (5th Cir. 2005). However, in so-called "mixed motive" cases, the proper standard of proof on the causation element is that the plaintiff's protected status or protected conduct was a "motivating factor" in the adverse employment action taken. 42 U.S.C. § 2000e-2(m). *See also Desert Palace v. Costa*, 539 U.S. 90, 94-95 (2003); *Smith v. Xerox Corp.*, 602 F.3d 320 (5th Cir. 2010) (extending the holding in *Desert Palace* that rejected the requirement of direct evidence of retaliation in mixed-motive Title VII cases). There is no evidence of a "mixed motive" in this case.

Under the pretextual alternative, in determining whether the Plaintiff's rebuttal precludes summary judgment, "[t]he question is whether [the plaintiff] has shown that there is a genuine issue of material fact as to whether this reason was pretextual."

*Jackson v. Cal-Western Packaging Corp.*, 602 F.3d 374, 378-79 (5th Cir. 2010). "A showing that the unsuccessful employee was '"clearly better qualified" (as opposed to merely better or as qualified) than the employees who are selected' will be sufficient to prove that the employer's proffered reasons are pretextual." *Moss v. BMC Software, Inc.*, 610 F.3d 917, 922-23 (5th Cir. 2010), citing *EEOC v. La. Office of Cmty. Servs.*, 47 F.3d 1438, 1444 (5th Cir. 1995). In order to show that she was "clearly better qualified" than the selected applicant and raise a fact question as to whether discrimination or retaliation was a factor in a defendant's employment decision, the plaintiff "must present evidence from which a jury could conclude that 'no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question.'" *Moss v. BMC Software*, 610 F.3d at 923, citing *Deines v Texas Dep't of Protective & Regulatory Servs.*, 164 F.3d 277, 280-81 (5th Cir. 1999).

> "[U]nless the qualifications are so widely disparate that no reasonable employer would have made the same decision," any "differences in the qualifications are generally not probative evidence of discrimination." Thus, "the bar is set high for this kind of evidence."

*Moss V. BMC Software*, 610 F.3d at 923 (citations omitted).

In regard to the French position, Plaintiff has not established the elements required of a *prima facie* case of discrimination. She was not qualified for the position she sought, nor did the School District hire a male for the position or

continue taking applications for the position after Plaintiff was rejected. At the time she applied for the position, she was not certified by the State to teach French. Affidavit of Wayne Rotan ("Rotan Aff."), ¶ 6. She did not notify the School District that she had received her certification until after the decision had been made to use the TxVSN. Additionally, there is nothing beyond innuendo that would indicate that the School District elected to use the TxVSN program for French instruction as some means of discriminating or retaliating against Plaintiff. Use of the TxVSN program did not just save money for the District, it actually generated money through payments from the State. Exhibit C to Rotan Aff.

Plaintiff has also failed to establish a *prima facie* case of discrimination as to the English position because the teacher who was hired was also female. Plaintiff has also failed to establish that she was "clearly better qualified" than the selected applicant.

Plaintiff attempts to equate her case with that of a number of male teachers who were accused of misbehavior. However, those individuals were already employed by the School District rather than seeking employment. The one teacher about whom there may be some question regarding misconduct in the use of corporal punishment is not in the same position as Plaintiff. Corporal punishment is permissible under Texas law. Sexual misconduct with students is not.

As to Plaintiff's retaliation claim, there is nothing to establish a causal connection between Plaintiff's former protected actions and the School District's

decision to not hire Plaintiff for either the French or the English positions. Plaintiff has not established that the School District's reasons for not hiring her were untrue or were merely a pretext for retaliation.

Of course, the main reason for the School District's reluctance to hire Plaintiff comes down to the reason she was terminated in the first place – allegations of sexual misconduct with students. Although Plaintiff may think otherwise, a School District could be subject to liability under 42 U.S.C. § 1983 for hiring or retaining an employee who has been accused of sexual misconduct, even if the employee was exonerated at trial. *See Guillory v. Thomas*, 355 Fed.Appx. 837 (5th Cir. 2009). This is particularly true when two of Plaintiff's accusers have never recanted their claims. Nothing presented by the Plaintiff establishes that this reason for not hiring her is a mere pretext for gender discrimination or retaliation. Accordingly, it is

**ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED**.

**SIGNED** this 3rd day of December, 2010.

_____
WALTER S. SMITH, JR.
**United States District Judge**