UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| JOELLE OGLETREE,<br>    Plaintiff | §<br>§<br>§<br>§ |
| v. | §    CIVIL ACTION NO. W09CA239<br>§ |
| GLEN ROSE INDEPENDENT SCHOOL DISTRICT,<br>    Defendant | §<br>§<br>§ |

**DECLARATION OF THOMAS E. MYERS**

1. My name is Thomas E. Myers. I have personal knowledge of each and every fact contained herein and such facts are true and correct.

2. I am a shareholder with the firm of Brackett & Ellis, P.C., and have been licensed to practice in the State of Texas since 1979. Throughout that time, I have been a member in good standing. I am also licensed to practice in the Northern and Western U.S. District Courts in Texas, the Fifth and Eleventh Circuit Courts of Appeals; and the United States Supreme Court.

3. During my career, I have handled criminal and civil litigation matters involving breach of contract, insurance bad faith, deceptive trade practices, various labor and employment matters, criminal defense, and school law matters. I have tried civil and criminal cases in both state and federal court and have handled appeals before the Texas Courts of Appeal, the Texas Supreme Court, the Texas Court of Criminal Appeals, the United States Court of Appeals in the Fifth Circuit, and the United States Supreme Court. I am Board Certified in Consumer and Commercial Law and Criminal Law by the Texas Board of Legal Specialization. Based upon my experience and background, I am familiar with the amount of reasonable and necessary attorney's fees to prepare for and conduct a complex trial, as well as the reasonable and necessary attorney's fees to appeal cases of this nature.

4.  The opinions I express in this declaration are based upon my training and experience, my review and preparation of pleadings and pre-trial motions in this case, documents provided and exchanged in this case, and my attendance at a deposition and document inspection.

**The Lodestar Method for Calculating Attorneys' Fees**

5.  In determining the fees for defending Plaintiff's claims, I have reviewed all attorney billings in this matter. Attorneys and paralegals at Brackett & Ellis keep detailed time records for each task performed in connection with the legal services provided.

6.  After determining the total amount of time spent defending Plaintiff's claims, I then multiplied that time by an hourly rate of $150.00 per hour. This was the agreed rate for handling the District's defense in this case. This reduced rate is less than the reasonable hourly rate for the handling of such a lawsuit. In my opinion, a reasonable hourly rate for legal services performed by partners in this firm is $300 per hour, $200 for associates, and $85 per hour for paralegals.

7.  In determining the reasonable hourly rate, I considered the prevailing hourly rate in the North Texas area for the work performed. I also applied factors recognized in this Circuit and in this State for measuring the reasonableness and necessity of attorneys' fees with particular emphasis on the original amount in controversy and the results obtained. The factors are discussed in more detail below.

I estimate the fee will be $25,000 for appeal to the United States Court of Appeals for the Fifth Circuit. I estimate the fees will be an additional $7,5000, for filing or opposing a petition for *certiorari* to the United States Supreme Court. I estimate fees will be $25,000 for appealing or defending appeal to the United States Supreme Court if *certiorari* is granted.

Attorneys' fees for the district court litigation were calculated based upon the actual time entries entered by the attorneys and paralegals who performed services in this matter from October 5, 2009 to the present.

## The *Johnson* Factors

8.    The Fifth Circuit uses the factors outlined in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717 (5th Cir.1974) to determine the reasonableness of attorneys' fees. Texas courts use these same basic factors as described in section 1.04 of the Texas Disciplinary Rules of Professional Conduct and in *Arthur Anderson & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997). These factors are: (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

9.    *The time and labor involved.* This litigation has involved a significant amount of time and labor. This litigation has been ongoing since October 5, 2009. During this time period, attorneys for the District interviewed witnesses, exchanged hundreds of documents, did extensive research, monitored grievances filed by Plaintiff against the District while the suit was pending and related communications between Plaintiff and the District, and successfully prepared District's Motion for Summary Judgment. The total amount of time spent on this matter to date is more than 150 hours resulting in total fees of over $25,000.

10.    *The novelty and difficulty of the questions.* This case involved detailed familiarity with school district documents, prior related civil and administrative litigation records, and detailed research and application of the law to these factors. Counsel's familiarity with the prior litigation between the parties enabled the District to help reduce its legal costs.

11. *The skill requisite to perform the legal services properly.* The legal and factual knowledge of counsel of the prior litigation between the parties was essential to the successful defense of the case. To successfully defend these claims, District primarily relied upon one attorney with more than thirty years of experience to prepare this case.

12. *Preclusion of other employment.* District's counsel was not otherwise precluded from other employment..

13. *Fee customarily charged in the locality for similar legal services.* The fees set forth in the billing statement attached as Exhibit A are consistent with the reduced rate fees customarily charged in the North Texas area for similar legal services on behalf of public school districts. I am familiar with the attorneys in the North Texas legal community who practice school law litigation and who charge rates comparable to or higher than Brackett & Ellis, P.C. for such legal work. The rates, work, and amounts set forth in the billing statements are all reasonable and necessary for this case and consistent with fees customarily charged in the area.

14. *Whether fee is fixed or contingent.* The fee charged by Brackett and Ellis in this matter is a fixed hourly fee of $150 per hour.

15. *Time limitations.* This factor was not present.

16. *The amount involved and results obtained.* Plaintiff sought actual, compensatory, and punitive damages, including mental anguish, from District, and attorney fees. Plaintiff recovered nothing, because District prevailed on its Motion for Summary Judgment.

17. *The experience, reputation and ability of counsel.* A summary of my qualifications is set forth herein in foregoing paragraphs. A copy of my resume is attached as Exhibit B.

18. *The undesirability of the case.* This factor was not present.

19.  *The nature and length of the professional relationship with the client.* Prior to this litigation, I did have a professional relationship with the client, including representation of the District in prior litigation with Plaintiff.

20.  *Awards in similar cases.* This factor was not present in this case.

### The Opinion

21.  Based on my review of the matters set forth above and based upon the totality of circumstances in this case, it is my opinion that the amount of attorneys' fees that were reasonable and necessary to defend against Plaintiff's claims were $24,972.72. In my opinion, the amount of reasonable and necessary attorneys' fees for responding to any appeal Plaintiff may file in the Fifth Circuit is $25,000. Should further appeal to the United States Supreme Court be pursued, it is my opinion that the amount of reasonable and necessary attorneys' fees would be $7,500 for a petition or opposition to a petition for *certiorari* and $25,000 for appealing or defending an appeal to the United States Supreme Court. I further certify that the hours expended on this matter, as reflected in the attached Exhibit A-1, were actually expended on the topics reflected in that Exhibit.

I declare under penalty of perjury that the foregoing is true and correct.

FURTHER, AFFIANT SAYETH NOT.

_____
Thomas E. Myers

Before me, a Notary Public, personally appeared Thomas E. Myers, known to me to be the person whose name is subscribed to the foregoing document, and, being by me first duly sworn, declared that the statements contained therein are true and correct.

SUBSCRIBED AND SWORN TO before me this 17th day of December, 2010, to certify which witness my hand and seal of office.

[Notary Seal: MELISSA LAMBERT, NOTARY PUBLIC, STATE OF TEXAS, My Comm. Exp. 09-22-2011]

_____
Notary Public - State of Texas

MELISSA LAMBERT
Notary Printed Name

My commission expires
9/22/11